**EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
PEACH COUNTY, GEORGIA

**21-V-0168**

APR 29, 2021 01:17 PM

Sherry Gonzalez, Clerk
Peach County, Georgia

**IN THE SUPERIOR COURT OF PEACH COUNTY**
**STATE OF GEORGIA**

**ANTHONY BUTLER,**

    **Plaintiff,**

    **vs.**

**JOSE ALBERTO CRUZ ADORNO, CTS**
**NATIONAL CORPORATION, and ACE**
**AMERICAN INSURANCE COMPANY**

    **Defendants.**

**CIVIL ACTION NO.**

---

## COMPLAINT FOR DAMAGES

    **COMES NOW** Anthony Butler, as Plaintiff in the above-named and stated case and respectfully shows the Court the following:

**1.**

    Defendant Jose Alberto Cruz Adorno is a resident of Orlando, Orange County, Florida, and is therefore subject to the jurisdiction of this Court, pursuant to Long Arm Statute, O.C.G.A. § 9-10-91.

**2.**

    Defendant CTS national Corporation (hereinafter referred to as "CTS") is a foreign corporation with its principal place of business in Cleveland, Ohio, and whose registered Agent for Service in the State of Georgia is Corporate Service Company, 2 Sun Court, Suite 400, Peachtree Corners, GA 30092. Defendant CTS, as joint tortfeasor, is subject to the jurisdiction and venue of this Court pursuant to O.C.G.A. §40-12-1 et seq.

**3.**

    At all pertinent times, Defendant ACE American Insurance Company covered defendant

CTS with a policy of insurance.   Said policy was written and provided to protect the public against injury to person and property proximately caused by the negligence of such carrier, its servants or agents.   This direct action, is therefore, permitted by O.C.G.A. §46-7-12.   Defendant ACE American Insurance Company's Registered Agent for Service in the State of Georgia is C T Corporation System, 289 S Culver Street, Lawrenceville, Georgia 30046.

**4.**

Defendants, jointly and severally, have injured and damaged Plaintiff by reason of the facts hereinafter set forth.

**5.**

Plaintiff shows that on May 5, 2019, at approximately 11:14 p.m., Plaintiff Anthony Butler had successfully merged onto I-75 North from Exit 146, in Byron, Peach County Georgia, in a 2016 Volvo Tractor Trailer owned by UPS Group Freight, Inc.   At approximately the same time, a 2011 Peterbilt tractor trailer owned by Defendant CTS and driven by Defendant Cruz Adorno was also traveling north on I-75 in Peach County, Georgia.   After Plaintiff merged onto I-75 North he traveled for approximately one mile in the right lane of the interstate.   Suddenly and without warning, Defendant Cruz Adorno struck the rear of Plaintiff's vehicle, causing a substantial collision.

**6.**

Plaintiff shows that the aforesaid collision and all of his injuries and damages were a direct result of an proximately caused by the negligence of Defendant Jose Alberto Cruz Adorno, who was negligent in the following particulars:

(a)    In failing to keep a proper lookout ahead;

(b)    In following too closely;

(c)     In traveling too fast for conditions;

(d)     In failing to exercise due care in the operation of his vehicle;

(e)     Defendant was otherwise negligent.

**7.**

At all times relevant, Defendant Jose Alberto Cruz Adorno was acting as an employee and/or agent of Defendant CTS National Corporation.    Therefore, any negligence on the part of Defendant Cruz Adorno is imputable to Defendant CTS.

**8.**

Defendant CTS was negligent as follows:

(a)     In hiring/employing Jose Alberto Cruz Adorno who defendants knew, or should have known, was an unsafe driver;

(b)     In retaining defendant Jose Albert Cruz Adorno after defendants knew or should have known of his reckless and dangerous propensities;

(c)     In failing to ensure that the vehicle was properly maintained and inspected; and

(d)     Defendant was otherwise negligent.

**9.**

As a result of the joint and several negligent acts of the Defendants, as named above, Plaintiff sustained injuries from which he did then suffer, now suffers and will continue to suffer great pain of body and mind for an indefinite period of time.    Plaintiff shows further that he has incurred special damages in the form of medical expenses and lost wages.

WHEREFORE, Plaintiff prays for the following:

(a)     That Plaintiff have a trial by a fair and impartial jury of twelve members;

(b)     That Summons be issued requiring the Defendants to be served as provided by law

and requiring Defendants to answer the Complaint;

(c)     That Plaintiff obtains a judgment against the Defendants, jointly and severally, in a
just and reasonable amount to compensate him for his injuries, damages and
suffering, both general and special;

(d)     That the cost of bringing this action be taxed against Defendants; and

(e)     That Plaintiff have such other and further relief as this Court shall deem just and
equitable.

T. JOSEPH BOYD
Ga. Bar No.   141319

The Law Office of Joe Boyd, LLC
1841 Hardeman Avenue
Macon, Georgia 31201
(478) 216-5574 – telephone
(478) 575-5123 – facsimile
jboyd@boydlawgroup.org

## SERVICE INSTRUCTIONS

Please serve Defendant Jose Alberto Cruz Adorno personally at 4021 Spring Breeze Drive, Orlando, Florida, by the Sheriff of Orange County, Florida.

Please serve Defendant CTS National Corporation through its registered agent for service, Corporate Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia, by the Sheriff of Gwinnett County, Georgia.

Please serve Defendant ACE American Insurance Company through its registered agent for service, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Georgia, by the Sheriff of Gwinnett County, Georgia.

Please serve Plaintiff's Underinsured Motorist Carrier, USAA General Indemnity Company, through its registered agent for service, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092, by the Sheriff of Gwinnett County, Georgia.

Please serve Plaintiff's Underinsured Motorist Carrier, Liberty Mutual Fire Insurance Company, through its registered agent for service, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, GA 30092, by the Sheriff of Gwinnett County, Georgia.

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PEACH COUNTY, GEORGIA

**21-V-0168**

APR 29, 2021 01:17 PM

Sherry Gonzalez, Clerk
Peach County, Georgia

**IN THE SUPERIOR COURT OF PEACH COUNTY
STATE OF GEORGIA**

ANTHONY BUTLER,

      **Plaintiff,**

      **vs.**

JOSE ALBERTO CRUZ ADORNO,
CTS NATIONAL CORPORATION,
and ACE AMERICAN INSURANCE
COMPANY

      **Defendants.**

**CIVIL ACTION NO.**

---

## PLAINTIFF'S FIRST INTERROGATORIES TO
## DEFENDANT JOSE ALBERTO CRUZ ADORNO

Pursuant to O.C.G.A. § 9-11-33, Plaintiff requests that Defendant Jose Alberto Cruz Adorno answer these interrogatories, separately and individually, in writing, and under oath, as provided by law.

<u>INSTRUCTIONS</u>

1.     You must exercise due diligence to secure full information to answer these interrogatories. After exercising due diligence, if you still cannot answer in full, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion, and detail what you did in attempting to secure the unknown information.

2.     If any information requested by these interrogatories is withheld under a claim of attorney/client privilege or work-product immunity, you must furnish a list specifying the basis on which the privilege or immunity is claimed, the general subject matter of the information and the interrogatory to which the information is responsive.

3.      These interrogatories are deemed to be continuing in accordance with the Georgia Civil Practice Act requiring timely supplementation.

## DEFINITIONS

1.      The word "identify" when used with respect to an individual, means that the answering party is required to state the name, age, employer, business and residence addresses and telephone numbers of the individual.

2.      The word "identify" when used with respect to a business, means that the answering party is required to state the full name, address, and telephone number of the business.

3.      The word "identify" when used with respect to a "document" means that the answering party is required to state with respect to each such document:

    (a)     the title or other means of identification;

    (b)     the date;

    (c)     the author, including his or her name, address, telephone number and employer;

    (d)     the recipient, including his or her name, address, telephone number, employer, and date of receipt;

    (e)     the names, addresses, and telephone numbers of any and all persons who have custody or control of the document; and

    (f)     the present location of the document.

4.      The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained, in the actual or constructive possession, custody, care, or control of defendant, its agents, attorneys, or any other person affiliated with defendant.    The form of such documents includes, but is not

limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, press releases, news publications, video tapes, tape recordings, depositions, and answers to interrogatories.

5.      The word "person(s)" means all entities, including, but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, and local, municipal, county, state, and federal government agencies.

### General Information

1.      State your full name and any other names you have used in your lifetime, birth date, marital status, social security number, and names and addresses of any relatives you have in the county in which this lawsuit is currently pending **(Peach County)**.

2.      State your residence address, including any apartment number, and the address and period of time you lived at each residence for the previous five (5) years.

3.      Identify each of your employers for the past ten (10) years, the position and job duties you held with each such employer, and the reason for your change of employment.

4.      If you have ever been convicted of, or pled guilty to, any crime, either misdemeanor or felony, identify the crime and state where and when it occurred.

5.      If, within the twelve (12) hour period immediately preceding the accident, you consumed any drug or alcoholic beverage, state the quantity consumed, the time it was consumed, and the place where it was consumed.

6.      Did you have a valid driver's license, without restrictions, at the time of the subject incident and do you currently have a valid driver's license, without restrictions?

7.    If you have been involved in other vehicular accidents, identify each by date, place and what happened.

8.    If you have ever been a party in any form of civil litigation, state the date, type of civil action and the court in which the civil action was filed.

9.    Identify each insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information:

   (a)   Name and address of company;

   (b)   Limits of liability coverage;

   (c)   Policy number;

   (d)   Named insured.

10.   State the name and address of any potential party to this lawsuit not already a party.

11.   Prior to the subject incident, how many miles have you driven a tractor trailer of the size involved in the subject incident?

12.   State the name and address of all schools or training facilities of any type at which you received instruction or training in the operation of a tractor trailer and the dates you received such instruction and/or training.

13.   When did you become employed by Gainey Corporation and/or Super Service, Inc., when did you begin driving trucks for them, and when did you begin driving a truck of the size involved in the subject incident?

14.   Was any inspection made of the load your were hauling prior to the subject incident.   If so, please state:

   (a)   The identity of the person(s) making said inspection,

(b)     The date and time of each such inspection;

(c)     A description of each inspection that was made;

(d)     Whether a written report was made of each inspection, and, if so, the identity of the custodian of such report.

## **Vehicle Information**

15.     Identify all owners and lessors of the vehicle you were operating at the time the accident occurred.

16.     If you were not the servant, agent, or employee of the owner of that vehicle, state the circumstances under which you were operating the vehicle at the time of the accident.

17.     How long had you operated this particular vehicle?

18.     Describe any information you have indicating that there was a defect or failure on the part of any vehicle or equipment involved in the incident, including, but not limited to, any defects appearing in the vehicle you were driving after the last inspection.

19.     Describe the damage done to your vehicle as a result of the incident.    If it was repaired, identify the person or company that repaired it and the total cost of the repairs.

## **Witness Information**

20.     Identify all persons you expect to call as expert witness in the trial of this case, and give the substance of the fact and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

21.     Identify all persons who to your knowledge or belief:

(a)     were present at the time your vehicle was loaded or have any knowledge regarding the loading of your vehicle on the date of the subject incident.

(b)     were eye witnesses to the accident;

(c)     who were present at the scene of this accident immediately after its occurrence and at any time within one hour following;

(d)     who accompanied you during any part of your trip prior to this accident, up to the accident;

(e)     who have furnished statements, signed or unsigned, to you, your representative or attorney;

(f)     who witnessed you consume any drug or alcoholic beverage within the twelve (12) hour period immediately preceding this accident;

(g)     to whom you have given any statements about this accident;

(h)     who otherwise have any knowledge of relevant information, facts, or circumstances which bear on any of the issues in the captioned case.

## **Collision Information**

22.     Where had you been prior to the accident, where were you going at the time of the accident, and what time were you due to arrive at your destination?

23.     State the position of the tractor trailer, its speed and direction, at the time of the incident.

24.     State in detail your version of how this accident occurred, including what you did to avoid the accident, and whether at the first moment you saw Plaintiff's vehicle it was stopped or moving, and its direction and speed if moving.

25.     State the substance of every utterance made by or to you at the scene of the accident and identify the speaker by name, if known, or by any other facts which might lead to discovery of the speaker's identity.

26.     If you received a citation of any sort as a result of this accident, state the nature of same, the

disposition made and the court involved.

27.     If any photographs or video tapes were made of the scene of the occurrence complained of, or of any vehicle or other physical object involved in the occurrence complained of, state the following:

    (a)     The subject represented and all facts represented or shown.

    (b)     The name, address and telephone number of the person having possession, custody or control thereof.

28.     Were you familiar with the general area where this accident occurred?

29.     Describe in detail what injuries, if any, you received in the incident.

30.     Identify every act by which you claim that the decedent unreasonably exposed himself to a foreseeable risk of injury.

31.     Identify every other act or event which supports each affirmative defense that you raise.


                        T. JOSEPH BOYD
                        Ga. Bar No. 141319

The Law Office of Joe Boyd, LLC
1841 Hardeman Avenue
Macon, GA 31201
(478) 216-5574 – telephone
(478) 575-5123 – facsimile
jboyd@boydlawgroup.org

🏛 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PEACH COUNTY, GEORGIA

**21-V-0168**

APR 29, 2021 01:17 PM

Sherry Gonzalez, Clerk
Peach County, Georgia

**IN THE SUPERIOR COURT OF PEACH COUNTY**
**STATE OF GEORGIA**

**ANTHONY BUTLER,**

    **Plaintiff,**

    **vs.**

**JOSE ALBERTO CRUZ ADORNO,
CTS NATIONAL CORPORATION,
and ACE AMERICAN INSURANCE
COMPANY**

    **Defendants.**

**CIVIL ACTION NO.**

---

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANT JOSE ALBERTO CRUZ ADORNO**

The Plaintiff hereby propounds the following requests for production pursuant to O.C.G.A.
§ 9-11-34.

Instructions for Response and Production

Items of tangible evidence to be produced include those in the possession of (1) the
defendant, (2) all attorneys, servants, agents, representatives, private investigators of the defendant,
(3) any others who have obtained information for or on behalf of any of the above, and (4) all other
persons, firms, corporations or other legal entities where any persons or entities in categories (1),
(2) or (3) have the legal right to the custody or control of, or permissive access to, the items of
tangible evidence in question.

Items of tangible evidence requested for production herein below shall be produced for the
Plaintiff's inspection and copying no later than 5:00 p.m. on the 45th day after the service of these
interrogatories for production upon the defendant, unless that day is a Saturday, Sunday or legal
holiday, in which case they shall be produced no later than 5:00 p.m. on the next day which is not

a Saturday, Sunday or legal holiday.   The production shall take place at the office of the undersigned counsel of record for the Plaintiff, where facilities are available for making proper copies, unless the defendant makes other suitable arrangements for production of the matter requested within the time limits set forth above.

The obligation to produce items of tangible evidence herein below requested may be satisfied by attaching to the answers a true and accurate copy of such items of tangible evidence, upon approval of the undersigned.

If production of the items of tangible evidence is impossible, verified reasons should be given.

"Item of tangible evidence" is defined in the broadest sense permitted by the applicable provisions of civil procedure, and specifically includes, without any limitation intended, all letters, memoranda, statements, documents, reports, journals, appointment calendars, handwritten notes, files, file folders, photographs, books, tape recordings, transcripts, telephone records and recordings, all other electronic or phono recordings, all information in computers, in computer readable form or on microfilm, plans, surveys, diagrams, drawings, instructions, bills of sale, deeds, invoices, receipts, ledgers, tabulations, other records, and physical evidence of every kind.   The term is not limited to items of evidence which have been admitted into evidence in any proceeding, nor to items which you agree are admissible.

You are requested to produce and to permit the Plaintiff to inspect and copy each of the following:

1.   Your driver's license(s).

2.   A copy of your driving record for the past ten years.

3.   All photographs depicting the vehicles involved in the subject incident.

4. All photographs depicting the scene of the accident or any other matter relating to this case.

5. All plats, surveys, drawings, maps, sketches, movies, videotape or other reproduction of the scene of the accident which has been made the basis of this lawsuit.

6. All accident reports concerning the incident, including any that were prepared by you or on your behalf.

7. All damage appraisals made of defendant's vehicle.

8. All repair invoices for defendant's vehicle.

9. The title to the vehicle driven by defendant at the time in question, or lease papers or contracts if it was not owned by defendant.

10. All equipment and maintenance records on the subject vehicle for the six month period prior to and including the date of the subject incident.

11. A copy of any contract of employment that would govern the relationship with any other party or bear on the issue of the scope of employment.

12. All statements of witnesses.

13. All statements previously made by Plaintiff concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by the Plaintiff hereto and any stenographic, mechanical, electrical or other type of recording and any transcription thereof made by Plaintiff hereto.

14. All surveillance movies or photographs which have been made of the plaintiff.

15. All expert reports which have been obtained from any expert.

16. Copies of your medical records for treatment provided as a result of the injuries you sustained in the subject incident.

17. Copies of your medical records for one year prior to the subject incident.

18. All citations issued to you regarding the subject incident.

19. Any handbook, orientation manual, safety manual or instruction manual of any sort provided to you by Gainey Corporation and/or Super Service, Inc.

20. Any inspection forms, checklists, reports, or other documents completed by you from the time you left the point of origination to pick up the load you were hauling on the date of the subject incident until the time of the incident.

21. Any inspection forms, checklists, reports, or other documents completed by any other party and given to you from the time you left the point of origination to pick up the load you were hauling on the date of the subject incident until the time of the incident.

22. All insurance policies or agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering defendant or the vehicle being driven by defendant at the time in question.

23. All settlement agreements, in which you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

24. Any medical records, communications, or written material relating to Plaintiff's medical condition either prior to and/or subsequent to the collision involved in this case that Defendant, or his agents and counsel, have in their possession or control. This request shall include any materials obtained from a non party or other entity and

shall serve as a continuing request throughout the litigation of this matter.

T. JOSEPH BOYD
Ga. Bar No. 141319

The Law Office of Joe Boyd, LLC
1841 Hardeman Avenue
Macon, GA 31201
(478) 216-5574 – telephone
(478) 575-5123 – facsimile
jboyd@boydlawgroup.org

**IN THE STATE COURT OF PEACH COUNTY**
**STATE OF GEORGIA**

🏛 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PEACH COUNTY, GEORGIA

**21-V-0168**

APR 29, 2021 01:17 PM

*Sherry Gonzalez*
Sherry Gonzalez, Clerk
Peach County, Georgia

ANTHONY BUTLER,

    **Plaintiff,**

    **vs.**

JOSE ALBERTO CRUZ ADORNO,
CTS NATIONAL CORPORATION,
and ACE AMERICAN INSURANCE
COMPANY

    **Defendants.**

**CIVIL ACTION NO.**

---

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO
## DEFENDANT JOSE ALBERTO CRUZ ADORNO

Pursuant to O.C.G.A. § 9-11-36, Plaintiff makes the following First Request for Admissions ("Requests") upon Defendant.    Answers to each Request for Admissions must be made separately and fully in writing by the Defendant, or a person authorized to make answers on behalf of the Defendant, and must be served on the undersigned counsel of record for the Plaintiff within 30 days of the service of these Requests.    The effect of a failure to respond to this Request for Admissions within 30 days of service is the admission of each matter for which an admission is requested.

If you deny only a part of a request, state which part of the request you admit and which part you deny.    If you can make the requested admission only with qualifications, state in full each qualification you make.    If you cannot admit or deny a particular request, set forth in detail each reason why you cannot do so.    Note that lack of knowledge or information is not a sufficient reason for failure to admit or deny a request.

**YOU ARE HEREBY REQUESTED TO ADMIT:**

That each of the following statements is true: **NOTE:** The pertinent time frame for all of the following statements and sections within this document is May 5, 2019.

1.

You are a resident of Orlando, Florida and subject to the Long Arm Statute.

2.

You were the operator of the 2011 Peterbilt tractor trailer involved in the incident complained of in Plaintiff's Complaint and identified by license plates TE37562 and TBC64P on said vehicle and trailer, respectively.

3.

You failed to exercise ordinary due care in the operation or use of said vehicle.

4.

You were operating your vehicle in an unsafe manner at the time of the collision made the subject of Plaintiff's Complaint.

5.

You failed to keep a proper lookout ahead and about your vehicle, causing the collision which is the subject of Plaintiff's Complaint.

6.

You were traveling too fast for conditions, causing the collision which is the subject of Plaintiff's Complaint.

7.

You had traveled approximately one mile past the subject exit ramp before the collision which is the subject of Plaintiff's Complaint.

8.

Prior to the collision, you saw Plaintiff's vehicle prior to it merging onto I-75 North.

9.

Prior to the collision, you saw Plaintiff's vehicle after it merged onto I-75 North.

10.

Prior to the collision, you observed Plaintiff's vehicle in any lane other than the right lane of traffic after Plaintiff's merged onto I-75 North.

11.

You were properly named and were legally served with this document, complaint, interrogatories and request for productions of documents.

12.

You have negligently injured Plaintiff.

13.

You are liable to Plaintiff for his injuries, damages and suffering.


T. JOSEPH BOYD
Ga. Bar No. 141319

The Law Office of Joe Boyd, LLC
1841 Hardeman Avenue
Macon, Georgia 31201
(478) 216-5574 - telephone
(478) 575-5123 – facsimile
jboyd@boydlawgroup.org

⚖ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PEACH COUNTY, GEORGIA

**21-V-0168**

APR 29, 2021 01:17 PM

Sherry Gonzalez, Clerk
Peach County, Georgia

IN THE SUPERIOR COURT OF PEACH COUNTY
STATE OF GEORGIA

ANTHONY BUTLER,

    Plaintiff,

    vs.

JOSE ALBERTO CRUZ ADORNO, CTS
NATIONAL CORPORATION, and ACE
AMERICAN INSURANCE COMPANY

    Defendants.

CIVIL ACTION NO.

---

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT CTS NATIONAL CORPORATION

Pursuant to O.C.G.A. § 9-11-33, Plaintiff requests that Defendant CTS National Corporation answer these interrogatories, separately and individually, in writing, and under oath, as provided by law.

### INSTRUCTIONS

1.    You must exercise due diligence to secure full information to answer these interrogatories. After exercising due diligence, if you still cannot answer in full, answer to the extent possible, specify your inability to answer the remainder, state whatever information or knowledge you have concerning the unanswered portion, and detail what you did in attempting to secure the unknown information.

2.    If any information requested by these interrogatories is withheld under a claim of attorney/client privilege or work-product immunity, you must furnish a list specifying the basis on which the privilege or immunity is claimed, the general subject matter of the information and the interrogatory to which the information is responsive.

3.      These interrogatories are deemed to be continuing in accordance with the Georgia Civil
Practice Act requiring timely supplementation.

## DEFINITIONS

1.      The word "identify" when used with respect to an individual, means that the answering
party is required to state the name, age, employer, business and residence addresses and telephone
numbers of the individual.

2.      The word "identify" when used with respect to a business, means that the answering
party is required to state the full name, address, and telephone number of the business.

3.      The word "identify" when used with respect to a "document" means that the answering
party is required to state with respect to each such document:

      (a)    the title or other means of identification;

      (b)    the date;

      (c)    the author, including his or her name, address, telephone number and
            Employer;

      (d)    the recipient, including his or her name, address, telephone number, employer,
            and date of receipt;

      (e)    the names, addresses, and telephone numbers of any and all persons who have
            custody or control of the document; and

      (f)    the present location of the document.

4.      The word "document(s)" is intended to include the original and all non-identical copies
of any record by which information has been recorded or from which information can be obtained,
in the actual or constructive possession, custody, care, or control of defendant, its agents, attorneys,
or any other person affiliated with defendant.   The form of such documents includes, but is not

limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, press releases, news publications, video tapes, tape recordings, depositions, and answers to interrogatories.

5.      The word "person(s)" means all entities, including, but not limited to, all individuals, associations, companies, partnerships, joint ventures, corporations, and local, municipal, county, state, and federal government agencies.

### General Information

1.      If you claim that you are not properly designated, state the proper name of the corporation and the state in which it is incorporated.

2.      If you assert that Jose Alberto Cruz Adorno was not your agent, servant or employee, or was not acting in the scope of his employment with you, then state:

    (a)    the dates during which he was in your employ;

    (b)    his job description or title at the time of the subject incident;

    (c)    that he was supposed to be doing for you at the time of the incident, and what he was actually doing;

    (d)    by whom he was employed at the time of the incident and explain what relation, if any, exists between that employer and you; and

    (e)    every other fact which supports that contention.

3.      If you contend that this Court does not have jurisdiction over you, or it is not the proper venue for this action, state every fact on which you rely in support of that contention.

4.      If Jose Alberto Cruz Adorno has been involved in any vehicular accident other than the

subject incident, please describe each accident.

5.      Is Jose Alberto Cruz Adorno still an employee of your company?   If not:

    (a)      when was he terminated;

    (b)      what was the reason for the termination; and

    (c)      what is his current address.

6.      Identify each and every insurance company, including excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information:

    (a)      name and address of company;

    (b)      limits of liability coverage;

    (c)      policy number; and

    (d)      named insured.

7.      State the name and address of any potential party to this lawsuit not already a party.

### Vehicle Information

8.      What ownership, interest or title did you have in the vehicle Jose Albert Cruz Adorno was operating at the time the subject incident occurred?

9.      What was the cargo or load being hauled by the truck and the trailer attached thereto at the time of the subject incident?

10.     With reference to said load state:

    (a)      Where it had originated;

    (b)      Where it was bound;

    (c)      When it was loaded;

    (d)      By whom it was loaded;

(e)     The weight of the load; and

(f)     At what time it left the point of loading.

11.     State the full amount of property damage sustained by the tractor trailer involved in this action.   If it was a total loss, please give the value of the tractor and trailer.

12.     State where the tractor trailer is located at the present time.

13.     If the tractor trailer was repaired following the subject incident, describe the repairs made and state the cost of such repairs.

### Witness Information

14.     Identify all persons you expect to call as an expert witness in the trial of this case, and give the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for each opinion.

15.     Identify all persons who, to your knowledge or belief:

(a)     were eye witnesses to the subject incident;

(b)     were present at the scene of the subject incident immediately after its occurrence and at any time within one hour following;

(c)     accompanied Jose Alberto Cruz Adorno during any part of his trip prior to the subject incident, up to the subject incident;

(d)     have furnished statements, signed or unsigned, to you, your representative or attorney;

(e)     witnessed Jose Alberto Cruz Adorno consume any drug, prescription or illicit, or any alcoholic beverage within the twelve (12) hour period immediately preceding the subject incident;

(f)     gave given any statements about the subject incident;

(g)     otherwise have any knowledge of relevant information, facts, or circumstances which bear on any of the issues in the captioned case.

<u>Collision Information</u>

16.     Where had Jose Alberto Cruz Adorno been prior to the subject incident, where was he going at the time of the incident and what time was he due to arrive at the destination?

17.     What is your version of how the subject incident occurred, including what Jose Alberto Cruz Adorno did to avoid the incident?

18.     Identify every act by which you claim that the plaintiff unreasonably exposed himself to a foreseeable risk of injury.

19.     Identify every other act or event which supports each affirmative defense that you raise.

20.     If any photographs or video recordings were made of the scene of the subject incident, or of any vehicle or other physical object involved, state the following:

(a)     the subject represented, and all facts represented or shown; and

(b)     the identity of the person having possession, custody or control thereof.

T. JOSEPH BOYD
Ga. Bar No. 141319

The Law Office of Joe Boyd, LLC
1841 Hardeman Avenue
Macon, Georgia 31201
(478) 216-5574
(478) 575-5123 – facsimile
jboyd@boydlawgroup.org

🖨 EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PEACH COUNTY, GEORGIA

**21-V-0168**

APR 29, 2021 01:17 PM

*Sherry Gonzalez*
Sherry Gonzalez, Clerk
Peach County, Georgia

### IN THE SUPERIOR COURT OF PEACH COUNTY
### STATE OF GEORGIA

ANTHONY BUTLER,

  **Plaintiff,**

  vs.

JOSE ALBERTO CRUZ ADORNO, CTS
NATIONAL CORPORATION, and ACE
AMERICAN INSURANCE COMPANY

  **Defendants.**

**CIVIL ACTION NO.**

---

### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO
### DEFENDANT CTS NATIONAL CORPORATION

Pursuant to O.C.G.A. § 9-11-34, Plaintiff makes the following Requests for Production of Documents.

### INSTRUCTIONS

All items of tangible evidence requested for production shall be produced for the Plaintiff's inspection and copying no later than forty-five (45) days from the date of service of this document. The production shall take place at the Macon office of The Law Office of Joe Boyd, 1841 Hardeman Avenue, Macon, Georgia 31201.

### DEFINITION

The following definition applies to each paragraph of this Request for Production of Documents and is deemed to be incorporated therein:

1.

The word "document(s)" is intended to include the original and all non-identical copies of any record by which information has been recorded or from which information can be obtained,

in the actual or constructive possession, custody, care or control of defendant, its agents, attorneys, or any other person affiliated with defendant.   The form of such documents includes, but is not limited to, letters, telegrams, pictures, books, papers, memoranda, reports, minutes, contracts, notes, studies, print-outs, calendars, diaries, work papers, checks, logs, ledgers, payrolls, licenses, tax records, purchase orders, invoices, receipts, microfilm, microfiche, punch cards, magnetic tapes, disks, press releases, news publications, video tapes, tape recordings, depositions, and answers to interrogatories.

## **PLEASE PRODUCE**:

1.   Copy of all tachometer records regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

2.   Copy of all on-board computer records regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

3.   Copy of all log books describing the use of the tractor and trailer involved in the incident for a 30 day period prior to and including the date of the subject incident.

4.   Copy of all dispatch records regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding and including the subject incident

5.   Copy of all fax transmissions received by or transmitted by the defendant driver for a 30 day period preceding and including the subject incident.

6.   Copy of all telephone records regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

7.   Copy of all mobile radio records regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

8.   Copy of all pro-rate records.

9.    Copy of all wrecker or tow truck records.

10.   Copy of truck and trailer license.

11.   Copy of all pick-up and delivery records regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

12.   Copy of all trip summaries regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident

13.   Copy of all delivery manifests regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

14.   Copy of all certificates of public convenience and necessity which are held for the operation of the subject vehicle and trailer.

15.   Copy of all credit card receipts regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

16.   Copy of all toll tickets regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

17.   Copy of all fuel receipts regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

18.   Copy of all weight tickets  regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

19.   Copy of all fuel tax records regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

20.   Copy of all state entry and departure records regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

21.   Copy of registration and title to the truck and trailer.

22. Copy of all expense sheets and receipts regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

23. Copy of all trailer interchange records regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

24. Copy of all bills of lading regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

25. Copy of all manifests and waybills regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

26. Copy of all rental contracts involving the truck regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

27. Copy of the written response from each state agency contacted with reference to truck driver's driving records.   49 CFR 391.23.

28. Copy of all written records with respect to each past employer who was contacted about the truck driver's qualifications.

29. Copy of the driver's qualification file.

30. Copy of the truck driver's list of violations of motor vehicle traffic laws. 49 CFR 391.27.

31. Copy of driver's personnel files.

32. Copy of the defendant driver's medical records for 3 years prior to the date of the subject incident.

33. Copy of all National Transportation Safety Board investigative reports.

34. Copy of all insurance policies and declarations pages of policies, including umbrella policies,   covering the truck and trailer involved in the incident even if the vehicles

are not specifically designated therein.

35.  Copy of all photographs, videotapes or other pictorial representations of the accident scene, the truck and/or trailer, and any person involved in the accident.

36.  Copy of any drawings, maps or sketches of the scene of the accident scene.

37.  Copy of any surveillance movies or photographs which have been made of plaintiff.

38.  Copy of any contract of employment that would govern the relationship with any party or bear on the issue of the driver's scope of employment.

39.  A copy of all records reflecting the defendant driver's cumulative hours of service beginning 90 days prior to and including the date of the subject incident.

40.  Truck driver's qualification file, 40 CFR 391.51, including employee's application, list of truck driver's previous employer's for the 10 years preceding the date of the application, the reasons for leaving said employments, medical examiner's certificate, a note showing when and who reviewed the driver's record with him or her for each year of employment, 49 CFR 391.25, a list of certificates showing all violations of motor vehicle laws and ordinances, 49 CFR 391.27, responses from state agencies and employers to your inquiries about the truck driver's employment and driving records, certificate of road test, 49 CFR 391.31(e), records of drug and alcohol tests, and an accident register listing all DOT recordable preventable accidents. (Note: Employers are required to keep the driver's file at its principal place of business as long as the driver is employed and for 3 years thereafter)

41.  Copies of all out of service orders for a 60 day period preceding the incident.

42.  Copies of driver's logs (i.e. record of duty status) for the 6 months prior to and including the date of the subject incident. 49 CFR 395.

43.  Copies of all vehicle maintenance records for the commercial motor vehicle involved in the accident for the 6 months prior to and including the date of the subject incident. 49 CFR 396.3.

44.  Copy of the accident register. 49 CFR 390.35.

45.  Copy of all accident reports concerning the subject incident, including any that were prepared by you or on your behalf

46.  Copy of all witness statements that are relevant to the subject collision.

47.  Copy of repair invoices during the period that the truck has been operated in your behalf to include all damage appraisals, repair bills or work orders for the repair of the subject vehicle and trailer for any damages sustained in the subject collision.

48.  Copy of all lease and trip lease contracts between you and the truck/trailer owner and operator regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

49.  Copy of all trip reports regarding the trip that the defendant driver was on at the time of the incident and for a 30 day period preceding the incident.

50.  Copy of Commercial Driver's License and any other licenses held by defendant driver.

51.  All writings giving notification to you of the truck driver's convictions or suspensions for violating a state or local law relating to motor vehicle traffic control. 49 CFR 383.31.

52.  All writings containing the results of any drug or alcohol test that was administered to the truck driver after the accident.

53.  All records of driver alcohol tests with a confirmed reading of 0.02 percent or greater, tests, instrument calibration documentation, driver evaluation by a substance abuse

professional and calendar year summaries for the last 5 years.

54. All records related to the alcohol and drug testing collection processes and records of training for the last 2 years.

55. All records of alcohol tests with less than 0.02 blood alcohol reading and negative drug tests.

56. All copies of alcohol test forms, controlled substance chain of custody forms, documents related to the refusal of any driver to submit to testing, documents supplied by the driver to dispute test results and signed acknowledgments of required training documents.

57. Copies of educational materials explaining drug and alcohol testing regulations submitted to drivers.

58. Copies of employer's own policies and procedures relating to alcohol and drug testing.

59. Copies of the driver's signed receipt for the above materials.

60. Copy of all company manuals covering truck safety, maintenance, fleet safety programs, and driver's standards.

61. Copy of all records generated by on-board recording devices with which the truck was equipped at the time of the accident.

62. Copy of all records generated through the use of the QUALCOMM OMNITRAX system with which the truck was equipped at the time of the accident.

63. Copy of all records generated by the EATON VORAD collision avoidance system with which the truck was equipped at the time of the accident.

64. Copy of all employee orientation training materials.

65. Copy of trucking company hiring and policies and procedures.

66.  Copy of all writings relating to disciplinary actions taken against the truck driver for any reason.

67.  Copy of the accident review procedures or rules adopted by the trucking company to determine whether any accident is chargeable or non-chargeable, preventable or non-preventable.

68.  Copy of all writings or printouts generated by the on-board computer of the truck involved in the accident.

69.  Copy of all writings or printouts generated by an on-board recorder or other type of data recorder on the truck involved in the accident.

70.  Copy of all writings or printouts generated by a black box on the truck involved in the accident.

71.  Any medical records, communications, or written material relating to Plaintiff's medical condition either prior to and/or subsequent to the collision involved in this case that Defendant, or his agents and counsel, have in their possession or control. This request shall include any materials obtained from a non party or other entity and shall serve as a continuing request throughout the litigation of this matter

_____

T. JOSEPH BOYD
Ga. Bar No. 363211

The Law Office of Joe Boyd, LLC
1841 Hardeman Avenue
Macon, Georgia 31201
(478) 216-5574 – telephone
(478) 575-5123- facsimile
jboyd@boydlawgroup.org

⊕ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PEACH COUNTY, GEORGIA

**21-V-0168**

APR 29, 2021 01:17 PM

Sherry Gonzalez, Clerk
Peach County, Georgia

**IN THE SUPERIOR COURT OF PEACH COUNTY**
**STATE OF GEORGIA**

ANTHONY BUTLER,

    **Plaintiff,**

    **vs.**

JOSE ALBERTO CRUZ ADORNO, CTS
NATIONAL CORPORATION, and ACE
AMERICAN INSURANCE COMPANY

    **Defendants.**

**CIVIL ACTION NO.**

---

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO
DEFENDANT CTS NATIONAL CORPORATION**

---

Pursuant to O.C.G.A. § 9-11-36, Plaintiff makes the following First Request for Admissions
("Requests") upon Defendant.   Answers to each Request for Admissions must be made separately
and fully in writing by the Defendant, or a person authorized to make answers on behalf of the
Defendant, and must be served on the undersigned counsel of record for the Plaintiff within thirty
(30) days of the service of these Requests.   The effect of a failure to respond to this Request for
Admissions within 30 days of service is the admission of each matter for which an admission is
requested.

If you deny only a part of a request, state which part of the request you admit and which part
you deny.   If you can make the requested admission only with qualifications, state in full each
qualification you make.   If you cannot   admit or deny a particular request, set forth in detail each
reason why you cannot do so.   Note that lack of knowledge or information is not a sufficient
reason for failure to admit or deny a request.

**YOU ARE HEREBY REQUESTED TO ADMIT:**

That each of the following statements is true: **NOTE:**   The pertinent time frame for all of the following statements and sections within this document is **May 5, 2019.**

1.

Defendant Jose Alberto Cruz Adorno was your agent/servant/employee and was acting within the scope of his employment at the time of the subject collision.

2.

You owned and maintained the 2011 Peterbilt truck, VIN # 1XP7D49X7BC121113, which was driven by Jose Alberto Cruz Adorno and was involved in the incident complained of in Plaintiff's Complaint.

3.

CTS National Corporation had input into what data is generated and stored by any and all electronic control modules (ECMs) on the subject vehicle.

4.

The ECM on the subject vehicle had the capability to record:

1)    vehicle speed;

2)    braking input;

3)    fuel mileage;

4)    miles driven between ignition cycles

5)    idle time;

6)    hard braking input;

7)    amount of time from hard braking until fast rest;

8)    vehicle's speeds at various time intervals after hard braking;

9)    the duration of time the vehicle remains in a particular speed range;

10)    the highest speed during a particular period of time;

11)    how long the cruise control was engaged; and

12)    wheel spinage.

5.

You were properly named and were legally served with this document, complaint, interrogatories and request for productions of documents.


T. JOSEPH BOYD
Ga. Bar No. 141319


The Law Office of Joe Boyd, LLC
1841 Hardeman Avenue
Macon, GA 31201
(478) 216-5574 – telephone
(478) 575-5123 – facsimile
jboyd@boydlawgroup.org

⚓ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PEACH COUNTY, GEORGIA

**21-V-0168**

APR 29, 2021 01:17 PM

*Sherry Gonzalez*
Sherry Gonzalez, Clerk
Peach County, Georgia

## IN THE SUPERIOR COURT OF PEACH COUNTY
## STATE OF GEORGIA

**ANTHONY BUTLER,**

   **Plaintiff,**

  vs.

**JOSE ALBERTO CRUZ ADORNO, CTS NATIONAL CORPORATION, and ACE AMERICAN INSURANCE COMPANY**

   **Defendants.**

**CIVIL ACTION NO.**

---

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS, FIRST INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ACE AMERICAN INSURANCE COMPANY

**TO: ACE AMERICAN INSURANCE COMPANY**

<u>Instructions for answers</u>

  Answers to the requests for admissions must be made separately and fully in writing by the defendant or a person authorized to make such answers on behalf of such defendant, and must be served on the undersigned counsel of record for the plaintiff within 45 days of the service hereof.

  If you deny only a part of a request, state which part of the request you admit and which part you deny. If you can make the requested admission only with qualifications, state in full each qualification you make. If you cannot admit or deny a particular request, set forth in detail each reason why you cannot do so.   Note that lack of knowledge or information is not a sufficient reason for failure to admit or deny a request.

  1. If your response to any Request for Admission is other than an unqualified admission, provide the following information for each such Request for Admission:

(a) Every reason for your denial or qualified admission;

(b) All the facts (not opinions) that you contend support in any manner your refusal to admit or your qualified admission;

(c) Identify all documents or any other tangible or intangible thing that supports in any manner your refusal to admit or your qualification of your admission;

(d) Identify all persons purporting to have any knowledge or factual data upon which you base your refusal to admit or the qualification of your admission.

The purpose of this Interrogatory is to have you reveal everything presently known by you that bears on your refusal to admit or your qualification of your admission.

## REQUESTS TO ADMIT

You are requested to admit the following propositions:

1. You issued a policy of indemnity insurance to defendant trucking carrier substantially conforming to the requirements of O.C.G.A. §46-7-12 or O.C.G.A. §46-7-58, which policy was in effect on the date of the subject incident.

2. The policy referred to in request for admission one is on file with the Georgia Public Service Commission in lieu of bond.

3. The policy referred to in request for admission one was approved by the Public Service Commission.

4. Defendant trucking company had a Certificate of Public Convenience and Necessity issued by the Georgia Public Service Commission which was in effect on the date of the subject incident.

## INTERROGATORIES

If the answer to any of the foregoing Request for Admissions is anything other than an

unqualified admission, answer the following interrogatories as applies to defendant trucking company:

1. If defendant trucking company has ever been a motor contract carrier or motor common carrier authorized by the Georgia Public Service Commission, state:

a. The inclusive dates defendant trucking company has been so authorized.

b. Whether defendant trucking company was so authorized on the date of the subject incident.

c. Whether defendant trucking company had a Certificate of Public Convenience and Necessity on the date of the subject incident.

d. The certificate number of the certificate identified in response to c above.

e. As of the date of the subject incident, state the means by which defendant trucking company complied with O.C.G.A. §46-7-12 or §46-7-58, whether by filing a bond with the Georgia Public Service Commission, or by filing a policy of indemnity insurance in lieu of bond, or by self-insuring the risk, or by some other means.

f. If defendant trucking company complied as of the date of the subject incident by filing a policy of indemnity insurance in lieu of bond, identify the insurer and state the policy number.

## **REQUEST FOR PRODUCTION OF DOCUMENTS**

If the answer to any of the foregoing requests for admission is anything other than an unqualified admission, please furnish the following documents at the office of counsel for the plaintiff on the 45th day following your receipt hereof, or by mailing true and accurate copies thereof to said counsel:

1. All Certificates of Public Convenience and Necessity issued by Georgia Public Service Commission to defendant trucking company from 2011 to present.

2. All policies of indemnity insurance issued to defendant trucking company conforming to O.C.G.A. §46-7-12 or §46-7-58, effective on the date of the subject incident.

3. All other bonds, policies, or other documents of any other kind showing defendant company's compliance with O.C.G.A. §46-7-12 or §46-7-58.

4. Any medical records, communications, or written material relating to Plaintiff's medical condition either prior to and/or subsequent to the collision involved in this case that Defendant, or his agents and counsel, have in their possession or control.   This request shall include any materials obtained from a non party or other entity and shall serve as a continuing request throughout the litigation of this matter

T. JOSEPH BOYD
Ga. Bar No. 141319

The Law Office of Joe Boyd, LLC
1841 Hardeman Avenue
Macon, Georgia 31201
(478) 216-5574 – telephone
(478) 575-5123 – facsimile
jboyd@boydlawgroup.org

⚜ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PEACH COUNTY, GEORGIA

**21-V-0168**

APR 29, 2021 01:17 PM

*Sherry Gonzalez*
Sherry Gonzalez, Clerk
Peach County, Georgia

**IN THE SUPERIOR COURT OF PEACH COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| **ANTHONY BUTLER,** | **CIVIL ACTION NO.** |
| **Plaintiff,** | |
| **vs.** | |
| **JOSE ALBERTO CRUZ ADORNO, CTS NATIONAL CORPORATION, and ACE AMERICAN INSURANCE COMPANY** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE AND NOTICE OF FILING OF DISCOVERY MATERIAL

COMES NOW Anthony Butler, Plaintiff in the above-referenced case, and pursuant to the local rules of this court, shows that on April 29, 2021, he filed with the Complaint this Notice and served upon Defendants the following:

1. PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT JOSE ALBERTO CRUZ ADORNO

2. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT T JOSE ALBERTO CRUZ ADORNO

3. PLAINTIFF=S FIRST REQUEST FOR ADMISSION TO DEFENDANT JOSE ALBERTO CRUZ ADORNO

4. PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT CTS NATIONAL CORPORATION

5. PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CTS NATIONAL CORPORATION;

6. PLAINTIFF'S FIRST REQUEST FOR ADMISSION TO DEFENDANT CTS NATIONAL CORPORATION; and

7.   PLAINTIFF'S FIRST INTERROGATORIES, REQUEST FOR
     PRODUCTION AND REQUEST FOR ADMISSION TO
     DEFENDANT ACE AMERICAN INSURANCE COMPANY

This 29 day of April, 2021.

_____

T. JOSEPH BOYD
Ga. Bar No. 141319

The Law Office of Joe Boyd, LLC
1841 Hardeman Avenue
Macon, GA 31201
(478) 216-5574 – telephone
(478) 575-5123 – facsimile
jboyd@boydlawgroup.org

# SUPERIOR COURT OF PEACH COUNTY
## STATE OF GEORGIA

☗ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
PEACH COUNTY, GEORGIA

**21-V-0168**

**APR 29, 2021 01:17 PM**

*Sherry Gonzalez*
Sherry Gonzalez, Clerk
Peach County, Georgia

CIVIL ACTION NUMBER  21-V-0168

Butler, Anthony

_____

**PLAINTIFF**

                              **VS.**

Cruz Adorno, Jose Alberto
CTS National Corporation, DBA c/o R.A.
Corporate Service Company
ACE American Insurance Company, DBA c/o
R.A. CT Corporation System

_____

**DEFENDANTS**

## SUMMONS

TO: ACE AMERICAN INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **T. Joseph Boyd**
> **The Law Office of Joe Boyd**
> **1841 Hardeman Avenue**
> **Macon, Georgia 31201-1164**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of April, 2021.**

                    Clerk of Superior Court

_____
Sherry Gonzalez, Clerk
Peach County, Georgia

Page 1 of 1

# SUPERIOR COURT OF PEACH COUNTY
# STATE OF GEORGIA

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PEACH COUNTY, GEORGIA

**21-V-0168**

**APR 29, 2021 01:17 PM**

*Sherry Gonzalez*
Sherry Gonzalez, Clerk
Peach County, Georgia

CIVIL ACTION NUMBER  21-V-0168

Butler, Anthony
_____

**PLAINTIFF**

                                                        **VS.**

Cruz Adorno, Jose Alberto
CTS National Corporation, DBA c/o R.A.
Corporate Service Company
ACE American Insurance Company, DBA c/o
R.A. CT Corporation System
_____

**DEFENDANTS**

## SUMMONS

TO: CRUZ ADORNO, JOSE ALBERTO

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **T. Joseph Boyd**
> **The Law Office of Joe Boyd**
> **1841 Hardeman Avenue**
> **Macon, Georgia 31201-1164**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of April, 2021.**

Clerk of Superior Court

*Sherry Gonzalez*
Sherry Gonzalez, Clerk
Peach County, Georgia

Page 1 of 1

**SUPERIOR COURT OF PEACH COUNTY**
**STATE OF GEORGIA**

📧 **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
PEACH COUNTY, GEORGIA
**21-V-0168**

APR 29, 2021 01:17 PM

*Sherry Gonzalez*
Sherry Gonzalez, Clerk
Peach County, Georgia

CIVIL ACTION NUMBER  21-V-0168

Butler, Anthony
_____
**PLAINTIFF**

**VS.**

Cruz Adorno, Jose Alberto
CTS National Corporation, DBA c/o R.A.
Corporate Service Company
ACE American Insurance Company, DBA c/o
R.A. CT Corporation System
_____
**DEFENDANTS**

**SUMMONS**

TO: CTS NATIONAL CORPORATION

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **T. Joseph Boyd**
> **The Law Office of Joe Boyd**
> **1841 Hardeman Avenue**
> **Macon, Georgia 31201-1164**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of April, 2021.**

Clerk of Superior Court

*Sherry Gonzalez*
_____
Sherry Gonzalez, Clerk
Peach County, Georgia

# SUPERIOR COURT OF PEACH COUNTY
# STATE OF GEORGIA

⏚ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PEACH COUNTY, GEORGIA

**21-V-0168**

**APR 29, 2021 01:17 PM**

*Sherry Gonzalez*
Sherry Gonzalez, Clerk
Peach County, Georgia

CIVIL ACTION NUMBER  21-V-0168

Butler, Anthony
_____

**PLAINTIFF**

                                        **VS.**

Cruz Adorno, Jose Alberto
CTS National Corporation, DBA c/o R.A.
Corporate Service Company
ACE American Insurance Company, DBA c/o
R.A. CT Corporation System
_____

**DEFENDANTS**


                          **SUMMONS**

TO: LIBERTY MUTUAL FIRE INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **T. Joseph Boyd**
> **The Law Office of Joe Boyd**
> **1841 Hardeman Avenue**
> **Macon, Georgia 31201-1164**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of April, 2021.**

                          Clerk of Superior Court



_____
Sherry Gonzalez, Clerk
Peach County, Georgia

Page 1 of 1

# SUPERIOR COURT OF PEACH COUNTY
# STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
PEACH COUNTY, GEORGIA

**21-V-0168**

**APR 29, 2021 01:17 PM**

*Sherry Gonzalez*
Sherry Gonzalez, Clerk
Peach County, Georgia

CIVIL ACTION NUMBER  21-V-0168

Butler, Anthony
_____

**PLAINTIFF**

                                        **VS.**

Cruz Adorno, Jose Alberto
CTS National Corporation, DBA c/o R.A.
Corporate Service Company
ACE American Insurance Company, DBA c/o
R.A. CT Corporation System
_____

**DEFENDANTS**

### SUMMONS

TO: USAA GENERAL INDEMNITY COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **T. Joseph Boyd**
> **The Law Office of Joe Boyd**
> **1841 Hardeman Avenue**
> **Macon, Georgia 31201-1164**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 29th day of April, 2021.**

                        Clerk of Superior Court


                        *Sherry Gonzalez*
                        Sherry Gonzalez, Clerk
                        Peach County, Georgia

**General Civil and Domestic Relations Case Filing Information Form**

⚡ EFILED IN OFFICE
CLERK OF SUPERIOR COURT
PEACH COUNTY, GEORGIA

**21-V-0168**

APR 29, 2021 01:17 PM

*Sherry Gonzalez*
Sherry Gonzalez, Clerk
Peach County, Georgia

☑ **Superior** or ☐ **State Court of** _Peach_ _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _04-29-2021_ | **Case Number** _21-V-0168_ |
| **MM-DD-YYYY** | |

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| Butler, Anthony | Cruz Adorno, Jose Alberto |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
| | CTS National Corporation |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
| | ACE American Insurance Company |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |
| Last   First   Middle I.   Suffix   Prefix | Last   First   Middle I.   Suffix   Prefix |

**Plaintiff's Attorney** _Boyd, Mr. T. Joseph_   **Bar Number** _141319_   **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☑ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
**Case Number**          **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Civil Action No. __21-V-0168__

Date Filed __April 29, 2021__

Attorney's Address
T. JOSEPH BOYD
The Law Office of Joe Boyd, LLC
1841 Hardeman Avenue
Macon, GA 31201

Name and Address of Party to Be Served
ACE American Insurance Company
c/o Registered Agent CT Corporation System

__289 S. Culver Street__

__Lawrenceville, GA__

| | | |
|---|---|---|
| Superior Court | ✓ | |
| State Court | | |
| Juvenile Court | | |

Georgia, PEACH

Anthony Butler

EFILED IN OFFICE
MAGISTRATE COURT
SUPERIOR COURT
PEACH COUNTY, GEORGIA
Probate Court
21-V-0168

MAY 07, 2021 02:41 PM

Sherry Gonzalez, Clerk
Peach County, Georgia

_____
Plaintiff

**Vs.**

Jose Alberto Cruz Adorno, CTS National Corporation,

and ACE American Insurance Co.
Defendant

_____

_____

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

_____   I have this day served the defendant _____ personally with a copy the within action and summons

_____   I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of defendant.

__✓__   Served the defendant _Ace American Insurance Company_ a corporation
by leaving a copy of the within action and summons with _____Linda Banks_____
in charge of the office and place of doing business of said Corporation in this County.

_____   I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

_____   Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This __4__ day of _____May_____, 2021

_____ _50300_
**DEPUTY**

**SHERIFF DOCKET _____ PAGE _____**

SC-2 Rev. 85